BROWN v. CRANE CO.

(Circuit Court, N. D. Illinois, N. D.   October 13, 1903.)

No. 26,236.

1. PATENTS—ANTICIPATION IN ANALOGOUS ART—CORE-MAKING MACHINES.

The Grant patent, No. 513,998, for a machine for making cores, is void for anticipation by machines for making tiles; tile making and core making being so closely analogous that the mere adaptation of a machine for one purpose to the other, by the enlarging or diminishing of some of the parts, does not constitute patentable invention.

In Equity.  Suit for infringement of letters patent No. 513,998 for a machine for making cores, granted to Edward Grant February 6, 1894.  On final hearing.

Walter H. Chamberlin, for complainant.
Banning & Banning, for defendant.

KOHLSAAT, District Judge.  The bill herein was filed to enjoin the infringement of claim 3 of patent No. 513,998, which reads as follows:

"A core-making machine, consisting of a hopper, F, located adjacent to, and supplying material to, a tube, D, having within it a worm, E, for forcing material out through tube, D, an aperture, H, within said worm, and a wire, A, held in a fixed position, passing through said aperture, H, and terminating beyond the end of said worm, E, for the purpose of forming a hole in the body of the core for the escape of the gas."

There is no attempt on the part of defendant to deny the infringement.  The defense rests wholly upon the invalidity of the complainant's patent by reason of the state of the prior art.  Several earlier patents are shown in the record which deal with devices of an analogous character, such as tile making.  These have the hopper, a tube with a worm or screw in it for advancing the material, a wire, or its equivalent, for the purpose of forming a hole in the tile or article manufactured.  For some reason or other, cores for molding purposes have, prior to complainant's device, been made in two sections, and then fastened together by hand—a tedious and uncertain method.  It appears that cores should be constructed with a longitudinal lengthwise opening through them, in order that gases and vapor may escape therefrom.  The Sault patent (1862), No. 37,112, is for a device for covering wire with gutta-percha and other substances, and for manufacturing other articles therefrom.  The coating substance is forced upon the wire by means of a screw.  The tube in which the screw works is tapered off at the coating end.  Rubber tubing, it is claimed, can be formed by this device.  Defendant insists that the converging of the feeding tube makes this device ineffective in the manufacture of cores.  Whether such is the case or not is a disputed fact.  The Woodcock patent (1867), No. 62,914, is a tile machine.  It, too, has the hopper and the cylinder, in which a screw revolves, forcing the material into a die, as required.  The patentee claims as new a revolving core shaft.  Here, too, the die forming the tile is smaller than the cylinder or tube in which the screw works.  The McKenzie patent

(1869), No. 89,878, covers a device for making tile. It has a hopper, a cylinder in which a screw forces the material forward into a die, and a mandrel or bore-forming projection upon the screw, the cylinder and screw tapering towards the die. The same is substantially true of the Hotchkiss patent (1870), No. 105,335, for making tubes, etc.; also, the McKenzie patent (1880), No. 233,535, for a brick and tile machine; also, the Clark patent (1881), No. 242,884, for covering wire, etc.; also, Harris patent (1884), No. 298,850, for making tile. The Tiffany patent (1859), No. 25,687, for a tile machine, has a hopper, a tube in which a screw or worm which fills the tube, and forces the material upon a die, an extension of the screw shaft for the purpose of forming a bore, and an unrestricted discharge. The die is of equal diameter with the tube and screw.

It is thus evident that the only feature of complainant's device, if any, which can be urged as new must be its adaptation to the manufacture of cores. The materials from which these are made are sand, flour, and perhaps some kind of oil or lubricator. The fact that cores were never made by machinery before is very persuasive as to the novelty of the device, but it cannot be deemed conclusive. If the device be old, its use is unimportant. It seems fair to say that the only difference between the tile machine of Tiffany and the Grant machine is the difference in size of the article manufactured, and the lengthwise aperture through the same. Can it be said that title making and core making are different arts in the sense in which the courts deal with the term "arts"? Is it patentable novelty to reduce the size of the tile, as well as the relative size of the bore therethrough, so as to produce a smaller article with a relatively smaller bore? This involves simply a reducing of the die and the mandrel. Indeed, the die may or may not be reduced in size. Certainly, the difference in material used for tile making and that used for core making is not important for the purposes of this hearing.

In my judgment tile making and core making are so closely analogous that any one having in mind the making of cores by machinery would at once, and without thought of invention, adapt the old art devices to the article required. It involves simply the enlarging or decreasing of some of the parts. No new princple is involved, and complainant's patent must therefore be held to be anticipated in the prior art, and invalid.

The bill is dismissed for want of equity.